# In re ANTONE BLDG. CORPORATION.

## FRADKIN et. al. v. ANTONE BLDG. CORPORATION et al.

### No. 6042.

Circuit Court of Appeals, Seventh Circuit.
Feb. 25, 1937.

Rehearing Denied March 23, 1937.

Max Swiren, Leo Ginsburg, and Benjamin Levinson, all of Chicago, Ill., for appellants.

Don Kenneth Jones, Joseph Z. Willner, and Ernest F. Staub, all of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This appeal is from an order of the District Court dismissing appellants' petition for the involuntary reorganization of the appellee building corporation under section 77B of the Bankruptcy Act (11 U.S.C. A. § 207). The four appellants were creditors of the corporation having provable claims against it aggregating more than $1,000 in excess of the securities held by them. Each held a $500 bond. Three of the four petitioning creditors were depositors with the committee and had assented to the plan proposed in the state court. The bondholders committee held on deposit more than ninety-one per cent of the mortgage bonds of an issue aggregating $550,000.

The debtor owned and operated a hotel property in Chicago, and its primary obligations consisted of bonds secured by real estate and chattel mortgages. Upon default at the end of 1929, a self-constituted bondholders committee, none of whose members or officers owned any of the debtor's bonds, solicited and procured large deposits. Foreclosure proceedings were instituted in the state court about a year later, and upon a finding that the property mortgaged under the real estate and chattel mortgages was insufficient security for the bond issue, a receiver was appointed for all of the debtor's property, who since that date had conducted the hotel business.

The charter of the debtor was forfeited in a state court action on June 8, 1932, for failure to pay franchise taxes, and on September 26, 1932, the debtor, in furtherance of a proposed plan for reorganization in the state court, conveyed to the nominee of the bondholders committee the fee simple title of the real estate here involved, and title to all the furniture, furnishings and equipment of the hotel.

A foreclosure decree of sale was entered in 1932, and the committee thereupon proposed a reorganization plan, but for reasons hereinafter stated, it was never consummated. The sale under the decree was held on November 16, 1934, and pursuant to the plan of reorganization, the nominee of the bondholders committee purchased the property for $65,000. The principal amount of the unpaid bond issue was $515,000, with interest from March, 1930. The plan of reorganization was presented to the state court for approval in connection with a petition for confirmation of the sale, but the intervention of appellants' first involuntary petition, in April, 1935, for reorganization of the debtor under section 77B, in connection with which further prosecution of the foreclosure proceedings was enjoined, precluded the consummation of the plan. The sale was not confirmed, and the order was vacated.

Appellants' first involuntary petition for reorganization was based upon the jurisdictional fact that all of the debtor's property was then in the hands of an equity receiver, that is to say the receiver appointed in the foreclosure proceedings. Judge Holly, of the District Court, held the petition suffi-

cient. Afterwards Judge Wilkerson, of the District Court, overruled a motion to vacate that ruling, approved the petition, and held that it had been filed in good faith. To this petition the debtor filed its answer denying insolvency, inability to meet its maturing debts, and that the petition had been filed in good faith. Afterwards it filed its amended and supplemental answer withdrawing any charge of collusion and lack of good faith, but repeating its denial of insolvency and inability to meet its maturing debts.

Subsequently, on February 3, 1936, the Supreme Court announced its decision in Duparquet Huot & Moneuse Company v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L.Ed. 591, holding that a foreclosure receivership does not constitute an "equity receivership" within the meaning of section 77B. Thereupon, on February 18, 1936, the debtor's board of directors, at appellants' instigation, passed the following resolution:

"Resolved, that the Corporation is unable to pay its debts as they mature, and that it is willing to be adjudged a bankrupt and to be reorganized under Section 77B of the Bankruptcy Act as amended, and submit itself to the jurisdiction of the Federal Court."

Following the ruling in the Duparquet Case, Judge Wilkerson, on March 19, 1936, dismissed the petition on the ground that there was not an equity receivership pending. Thereupon the committee renewed its efforts to complete the state court reorganization and caused the property to be re-advertised for sale. On April 11, 1936, four days before its sale, the instant involuntary petition for reorganization under section 77B was filed by appellants. It alleged the pendency of an equity receivership, and also charged the commission by the debtor of the sixth act of bankruptcy, that is to say, that the debtor had admitted in writing that it was then insolvent and unable to meet its maturing debts and willing to be adjudged bankrupt on that ground. On April 14, 1936, the debtor answered the petition, admitting its allegations and joining in its prayer for relief, and tendered therewith its proposed plan of reorganization. On April 20, 1936, the bondholders protective committee, by permission of court, filed its intervening petition controverting appellants' petition. On the same day the court referred the matter to a special master to report his conclusions of law and fact upon (1) whether or not, upon the facts and law

applicable thereto, the court had jurisdiction to grant the prayer of appellants' petition; (2) whether or not appellants' petition was filed in good faith.

The master made a finding of facts and concluded (1) that appellants' petition was not filed in good faith, and (2) that the court had no jurisdiction to grant its prayer. The court approved the master's report, findings and conclusions.

In refusing to vacate Judge Holly's order holding the first petition valid and filed in good faith, Judge Wilkerson had held (1) that the petition was filed in good faith, (2) that the fact that the bonds of the petitioning creditors had been deposited with the committee did not disable such bondholders from acting as creditors in filing the petition under section 77B, and (3) that the petitioners were not guilty of bad faith merely because the committee had obtained approval of a plan of reorganization in a state court foreclosure.

The master in his findings as to the second petition used the following language:

"I have further reached the conclusion that * * * the debtor could not confer jurisdiction in this cause under the peculiar facts and circumstances in this cause. After having remained dormant for four years it suddenly comes to life and adopts a resolution for the express purpose of conferring jurisdiction in this cause, after it had parted with title to the property * * * almost four years prior to this time.

"* * * Under the facts as found in this record, I have reached the conclusion that petitioning creditors did not exercise good faith in this cause, as the conclusion is irresistible that the action of this dormant Board of Directors of the debtor corporation whose charter had been forfeited and who had parted with title to its property, acted only at the instance of the petitioning creditors in this cause, and that the act of the debtor corporation through its Board of Directors was not a voluntary act prompted by a real interest on the part of the officers of the debtor * * * to bring about a reorganization, but was prompted solely by the interest of the petitioning creditors, who once defeated, appeared again in this court asking relief principally by reason of the fact that the Board of Directors * * * had met, as hereinbefore found."

We do not concur in the master's holding that the board of directors of a corpora-

tion whose charter had been forfeited could not rightfully pass a resolution, such as was passed here, for the purpose of conferring jurisdiction upon the Bankruptcy Court under section 77B. It is not clear from the first quoted finding that the master regarded the rule as one of general application, for he specifically applied it to the peculiar facts and circumstances before him. However, it is not necessary for us to pass upon the master's finding in this respect. True, the court approved his findings and conclusions, but it retained jurisdiction and dismissed the petition for lack of good faith.

In determining the question of good faith the court was warranted in considering, and no doubt did consider, the amount of appellants' claims, the amount of bonded indebtedness represented by the bondholders committee which bondholders were apparently favoring the plan in the state court; the fact that three of the appellants had formerly filed their bonds with the committee, and had afterwards joined the fourth petitioner in the first involuntary petition; that the debtor in answer to that petition had denied its insolvency, its inability to meet its maturing debts, and the petitioners' good faith, and had later withdrawn any charges it might have made in its answer as to collusion and lack of good faith, but still insisted on its solvency and its ability to meet its maturing debts; the subsequent passing of the resolution by the debtor's board of directors, at the instigation of appellants, in which it admitted its insolvency and inability to meet its maturing debts and expressed its desire to accept the benefits of section 77B; the dismissal by the court of appellants' first petition under the ruling of the Duparquet Case; the subsequent filing of the instant petition, based on the same matters relied upon in the first petition, together with the resolution above referred to; and the answer of the debtor admitting the allegations of the petition and joining in its prayer for relief.

These facts, together with the fact that the debtor had allowed its charter to be forfeited for failure to pay its franchise tax, and the further fact that the debtor in 1932 had transferred all of its interest in all the property here involved to the nominee of the bondholders committee, convince us that the ruling of the District Court in dismissing the second petition was supported by substantial evidence and should not be disturbed.

Decree affirmed.